UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARVIN LOPEZ,<br><br>             Plaintiff,<br><br>       v.<br><br>SAN SABA VINEYARDS, INC., dba WRATH WINES,<br><br>             Defendant. | Case No. 22-cv-02652-VKD<br><br>**ORDER RE DEFENDANT'S MOTIONS IN LIMINE NOS. 1-3**<br><br>Re: Dkt. Nos. 29-31 |

The Court held a pretrial conference on July 5, 2023. Dkt. No. 35. This order resolves most of defendant San Saba Vineyards, Inc.'s ("San Saba Vineyards") motions in limine.[1] Dkt. Nos. 29-31. This order does not address the issues raised in Motion in Limine No. 1 that are subject to further briefing as ordered by the Court. As discussed below, the Court also reserves judgment on issues concerning Isaac Espinoza's testimony, pending Mr. Espinoza's appearance for a deposition.

**A.   Motion in Limine No. 1 re Cal OSHA Citations**

San Saba Vineyards moves for an order precluding Mr. Lopez from presenting evidence relating to any inspection of San Saba Vineyards's winery conducted on or after October 20, 2019 by the California Department of Industrial Relations Division of Occupational Safety and Health ("Cal OSHA"), including any evidence concerning the Cal OSHA April 9, 2020 Amended Citations and Notifications of Penalties and Notice of Proposed Penalties ("Citations"), collectively identified as Exhibit 16. San Saba Vineyards contends that the evidence in question is

---

[1] Mr. Lopez did not file any motions in limine.

irrelevant to Mr. Lopez's claims for retaliation under California Labor Code § 1102.5 (claim 1) and for wrongful termination in violation of public policy (claim 2) because the Citations post-date the October 19, 2019 termination of Mr. his employment and do not bear on matters about which he complained to his supervisors. San Saba Vineyards further contends that any probative value the Citations may have is outweighed by the possibility that the evidence will confuse or mislead the jury and waste time and resources, to San Saba Vineyards's prejudice. San Saba Vineyards maintains that, in any event, the Citations are impermissible hearsay and no exceptions apply. *See* Fed. R. Evid. 402, 403, 802.

San Saba Vineyards's motion to exclude the Citations based on California Labor Code § 6304.5 is denied. That statute provides, in relevant part, that "[n]either the issuance of, or failure to issue, a citation by the division shall have any application to, nor be considered in, nor be admissible into, evidence in any personal injury or wrongful death action, except as between an employee and his or her own employer." San Saba Vineyards has not persuasively demonstrated that § 6304.5 is dispositive of the admissibility of the Citations in actions beyond personal injury or wrongful death suits. *See generally Elsner v. Uveges,* 34 Cal. 4th 915, 935 (2004) ("The first paragraph of section 6304.5 addresses the applicability of Cal–OSHA provisions to administrative proceedings brought by the Division of Occupational Safety and Health against employers to enforce worker safety standards. . . . The second paragraph of section 6304.5 catalogues the rules for the admissibility of Cal–OSHA provisions in trial court personal injury and wrongful death actions."); *Rodriguez v. United Airlines, Inc.*, 5 F. Supp. 3d 1131, (N.D. Cal. 2013) ("The Supreme Court held [in *Elsner*] that under the 1999 amendment to California Labor Code § 6304.5, Cal–OSHA provisions are admissible in negligence actions, just as any other statute or regulation, including in third-party actions.").

At the July 5, 2023 final pretrial conference, the Court ordered the parties to submit further briefing concerning Mr. Lopez's claim under California Labor Code § 1102.5(c) that will impact the Court's ruling on remaining issues raised in Motion in Limine No. 1, namely, the relevance and probative value of the Citations. Except as discussed above, the Court reserves judgment on Motion in Limine No. 1, pending review of the parties' supplemental briefing. Assuming the

1  Court finds that the Citations are relevant, the Court also reserves judgment on whether the
2  Citations fall within the public records exception to hearsay under Federal Rule of Evidence
3  803(8).

### B. Motion in Limine No. 2 re Isaac Espinoza

San Saba Vineyards moves for an order precluding any testimony of Isaac Espinoza. San Saba Vineyards contends that Mr. Espinoza's testimony should be excluded on the ground that Mr. Lopez did not provide Mr. Espinoza's contact information in his Rule 26/General Order No. 71 disclosures. Alternatively, San Saba Vineyards requests an order (1) requiring Mr. Espinoza to appear for a deposition of no more than three hours at least five days prior to the July 24, 2023 start of trial, and (2) precluding Mr. Espinoza from testifying about certain subjects, on the grounds that Mr. Espinoza's proposed testimony is irrelevant, lacks foundation, is not proper matter for lay opinion testimony, and is impermissible hearsay. Fed. R. Evid. 402, 403, 601, 701, 802.

Assuming Mr. Espinoza can be located, Mr. Lopez does not object to permitting San Saba Vineyards to depose Mr. Espinoza prior to trial. *See* Dkt. No. 33 at 5. However, at the final pretrial conference, the parties stated that neither Mr. Lopez nor San Saba Vineyards has Mr. Espinoza's current contact information, and the parties further confirmed that no one has been able to locate him. It is unclear whether Mr. Espinoza will even appear for trial.

Under the circumstances presented, the Court concludes that Mr. Espinoza may not testify at trial unless he appears for a deposition reasonably in advance of the July 24, 2023 start of trial. As discussed at the pretrial conference, the deposition must be conducted no later than **July 17, 2023** and may not exceed three hours.

The Court otherwise reserves judgment on issues concerning the basis, relevance, and scope of Mr. Espinoza's testimony, pending his appearance for a pretrial deposition as ordered above.

The Court will not admit Mr. Espinoza's January 2020[2] declaration into evidence. Indeed,

---

[2] The parties appear to agree that Mr. Espinoza's declaration was erroneously dated in January 2019, and that the declaration more likely is dated sometime in January 2020.

1  Mr. Lopez acknowledged at the pretrial conference that the declaration could not properly be
2  admitted into evidence.

### C. Motion in Limine No. 3 for Bifurcation re Punitive Damages and Evidence of San Saba Vineyards's Financial Condition

San Saba Vineyards moves for an order bifurcating the trial, such that evidence relating to punitive damages, including San Saba Vineyards's financial condition, will be presented only if the jury decides to award punitive damages. Relatedly, San Saba Vineyards requests an order precluding Mr. Lopez from presenting any evidence of San Saba Vineyards's financial condition, unless the jury returns a verdict in Mr. Lopez's favor, awards compensatory damages on his wrongful termination claim, and finds that San Saba Vineyards is liable for punitive damages under California Civil Code § 3294.

The Ninth Circuit has observed that "the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). Nevertheless, the Court has broad discretion under Rule 42 to bifurcate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b); *see also Hangarter*, 373 F.3d at 1021 ("Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings[.]") (internal quotations and citation omitted).

Mr. Lopez does not oppose this motion. Accordingly, San Saba Vineyards's motion for bifurcation is granted. Bifurcation does not appear to raise any serious efficiency concerns, as the same jury that decides liability and entitlement to punitive damages will also decide the amount of punitive damages. Accordingly, if, in the first phase of trial, the jury finds in favor of Mr. Lopez on liability issues and finds that he is entitled to punitive damages, trial will immediately proceed to a second phase in which the same jury will consider the amount of punitive damages to award. The Court also grants as unopposed San Saba Vineyards's request for an order precluding Mr.

Lopez from presenting any evidence of San Saba Vineyards's financial condition, unless the jury returns a verdict in his favor and finds that San Saba Vineyards is liable for punitive damages.

**IT IS SO ORDERED.**

Dated: July 7, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

5